**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
SLP PERFORMANCE PARTS, INC.,            :   CIVIL ACTION NO. 11-3460 (MLC)
                                        :
        Plaintiff,                      :         O R D E R
                                        :
        v.                              :
                                        :
SUNCOAST AUTOMOTIVE                     :
PERFORMANCE, INC.,                      :
                                        :
        Defendant.                      :
                                        :
```

    **DEFENDANT**, Suncoast Automotive Performance, Inc. ("Suncoast"), a Florida corporation, moving to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) (dkt. entry no. 11, Mot. Dismiss); and Plaintiff, SLP Performance Parts, Inc. ("SLP"), seeking, <u>inter alia</u>, to recover damages for patent infringement, trademark infringement, and unfair competition (dkt. entry no. 1, Compl.); and SLP opposing the motion, arguing that the Court has jurisdiction over Suncoast based upon Suncoast's internet, sales, and marketing contacts with New Jersey (dkt. entry no. 14, Pl. Opp.); and the Court, under Local Civil Rule 78.1(b), deciding the motion on the papers; and

    **IT APPEARING THAT** SLP, in response to the motion and in the absence of an evidentiary hearing, bears the burden of establishing a prima facie case of personal jurisdiction, <u>see</u> <u>Metcalfe v. Renaissance Marine, Inc.</u>, 566 F.3d 324, 330 (3d Cir.

2009); and that a plaintiff makes a prima facie showing by establishing, "with reasonable particularity, sufficient contacts between the defendant and the forum state[,]" Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992); and that the plaintiff may meet its burden by introducing affidavits or other competent evidence, Metcalfe, 566 F.3d at 330; and it appearing further that "in deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff[,]" id. (quoting Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 457 (3d Cir. 2003)); and

**IT APPEARING** that the Court may assert personal jurisdiction over nonresident defendants to the extent authorized by New Jersey state law, Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004); Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 144-45 (3d Cir. 1992); and that the New Jersey long-arm statute, New Jersey Court Rule 4:4-4, provides for personal jurisdiction over nonresident defendants to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment of the United States Constitution, Miller Yacht Sales, 384 F.3d at 96; Carteret Sav. Bank, 954 F.2d at 145; and that Due Process protections are satisfied where a nonresident defendant has "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of

fair play and substantial justice[,]" Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted), such that the defendant has "fair warning" that it could be haled into court in the forum state, World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); and

**IT APPEARING** that personal jurisdiction, as exercised within the limits of Due Process, may take the form of either general jurisdiction or specific jurisdiction, Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 416 (1984); and the Court finding here that specific jurisdiction is the more relevant inquiry; and it further appearing that specific jurisdiction over a defendant exists when the plaintiff's claims directly relate to or arise out of the defendant's activities with the forum, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985); and it appearing that, in such cases, the Court may presume that a nonresident defendant had fair warning that it could be haled into the forum state if the defendant directed its activities at residents of the forum, Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984); and it further appearing that the exercise of specific jurisdiction is appropriate in patent infringement actions where the nonresident defendant has sold at least one of the allegedly infringing products within the forum state, Osteotech, Inc. v. GenSci Regeneration Scis., Inc., 6 F.Supp.2d 349, 354 (D.N.J. 1998) ("where a defendant infringer is

shown to have sold the allegedly infringing product in the forum state, the forum may exercise personal jurisdiction over the defendant. . . .  [I]t is enough that [the nonresident defendant] sold its product in New Jersey only once, because the product allegedly infringes [plaintiff's] patent, which is the subject matter of the instant litigation."); and

**THE COURT NOTING** that SLP has introduced the "Declaration of Hank Daniecki" (Pl. Opp., Ex. G); and it appearing that Daniecki is the founder of a vehicle repair business located and operated at Daniecki's home in Allentown, New Jersey (id.); and it further appearing that Daniecki has declared under oath that Suncoast sold and delivered an allegedly infringing product, i.e., a Chevrolet Camaro Z Style Ram Air Hood, to him in Allentown, New Jersey (id.);[1] and the Court accordingly finding that Suncoast

---

[1] The Court recognizes that Suncoast has submitted contrary evidence, i.e., the "Declaration of Philip Grabo." (Dkt. no. 11, Decl.)  Suncoast attempts to argue, by reference to this evidence, that it "has never sold any of the products accused in Plaintiff's Complaint of infringing on Plaintiff's alleged patents or trademarks in the State of New Jersey, or to any known resident of the State of New Jersey." (Id. at ¶ 7.)  At this juncture, however, the Court "is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." Metcalfe, 566 F.3d at 330.  "Of course, by accepting a plaintiff's facts as true when a motion to dismiss is originally made, a court is not precluded from revisiting the issue if it appears that the facts alleged to support jurisdiction are in dispute." Carteret Sav. Bank, 954 F.2d at 142 n.1.  It follows that Suncoast may raise its jurisdictional arguments anew at a later point in this case, or alternatively, seek relief under 28 U.S.C. § 1404.

has "purposefully directed" its activities at residents of New Jersey, Burger King, 471 U.S. at 475; Osteotech, 6 F.Supp.2d at 354 ("[W]here a defendant infringer is shown to have sold the allegedly infringing product in the forum state, the forum may exercise personal jurisdiction over the defendant."); and the Court therefore concluding that SLP has established sufficient "minimum contacts" by Suncoast with New Jersey for purposes of establishing specific jurisdiction; and

**IT APPEARING** that "[o]nce the plaintiff has made out a prima facie case in favor of personal jurisdiction, the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable[,]'" Carteret Sav. Bank, 954 F.2d at 150; and the Court finding that Defendant has offered no compelling reason why maintenance of this suit in New Jersey would "offend traditional notions of fair play and substantial justice," Int'l Shoe, 326 U.S. at 316; and the Court accordingly intending to deny the motion; and for good cause appearing;

**IT IS THEREFORE** on this   20th    day of September, 2011 **ORDERED** that the defendant's motion to dismiss for lack of personal jurisdiction (dkt. entry no. 11) is **DENIED**.

                                                       s/ Mary L. Cooper
                                           **MARY L. COOPER**
                                           United States District Judge