**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **SLP PERFORMANCE PARTS, INC.,** | : | **Civil Action No.: 11-3460 (MLC)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **ORDER** |
| | : | |
| **SUNCOAST AUTOMOTIVE** | : | |
| **PERFORMANCE, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

This matter having come before the Court on Motion by Plaintiff SLP Performance Parts, Inc. ("Plaintiff") for leave to file an Amended Complaint pursuant to FED. R. CIV. P. 15 [dkt. entry no. 20], returnable November 21, 2011; and Defendant Suncoast Automotive Performance, Inc. ("Defendant") having submitted opposition; and Plaintiff noting that Defendant's motion to dismiss the Complaint based on lack of personal jurisdiction was denied on September 20, 2011 (Pl.'s Br., dkt. entry no. 20-4 at 3); and Plaintiff stating that "[a]fter filing its original Complaint[,] [it] was made aware of certain other products offered on [Defendant's] website which infringe on [Plaintiff's] design patent numbers D386,457 and D418,465" and therefore seeks to bring "[t]hese additional claims...under 28 U.S.C. § 1338(a)" (*Id.*); and Plaintiff, citing FED. R. CIV. P. 15, *Foman v. Davis*, 371 U.S. 178, 182 (1962), *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000), *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000), maintains that "leave to amend a complaint...[should] be freely given when justice so requires" absent "undue delay, bad faith or dilatory motive", "repeated failure to cure deficiencies by amendments previously allowed", "undue prejudice to the opposing party...", or "futility of [the] amendment" (*Id.* at 3-4); and Plaintiff arguing that "there has been no undue delay or [any] dilatory motive", "there can be no claim of undue prejudice since [Plaintiff's]

decision to add new claims is based upon the core events cited in the original complaint", and "there can be no claim of futility since the newly asserted claims arise under 28 U.S.C. § 1338(a)" (*Id.* at 4-5); and in opposition, Defendant continuing "to assert that [Plaintiff's] Complaint should be dismissed because [the] Court lacks personal jurisdiction over Defendant" given that "[n]othing in the proposed Amended Complaint cures that defect" (Def.'s Opp'n Br., dkt. entry no. 22 at 1); and Defendant, noting that "the sole basis given for the Court denying [Defendant's] previous motion to dismiss" was "[t]he Daniecki Declaration", requests that "the Court...deny [Plaintiff's] motion to amend" or, in the alternative, "withhold its ruling on the motion to amend until after a brief period of limited discovery on the issue of personal jurisdiction...and a fact-finding hearing before the Court" based upon the Court's provision that "[Defendant] may raise its jurisdictional arguments anew at a later point in this case" (*Id.*); and Defendant arguing that "[i]f the factual determination of personal jurisdiction were delayed until after [Defendant] is subject to extensive general discovery requests...and the Court then determines that [Plaintiff] has not met its jurisdictional burden, [Defendant] would be unduly prejudiced by the burden and expense of that discovery" (*Id.*); and Defendant noting that the Daniecki Declaration "asserts that [Defendant] sold a Chevrolet Camaro Z Style Ram Air Hood in New Jersey" but "does not provide...[Defendant's] part number...or [assert]...that the hood mentioned was one of the products [Plaintiff] alleges infringe the '570 patent" and therefore "is defective on its face" if "meant to imply sales of allegedly infringing products" (*Id.* at 2); and Defendant, noting that the Daniecki Declaration "states that...[an] Air Hood was ordered from [Defendant's] website on July 27, 2009" and that "[t]he '570 patent...was filed on July 9, 2009 and issued on September 14, 2010", argues that "[a] patent cannot be infringed by sales made before its issuance" pursuant to *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1237 (Fed. Cir.

2

1985), *Gayler v. Wilder*, 51 U.S. 477, 493 (1850), and *Marsh v. Nichols, Shepard & Co.*, 128 U.S.

605, 612 (1888) (*Id.*); and Defendant, citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473-75

(1985), *Osteotech, Inc. v. GenSci Regeneration Sciences*, 6 F. Supp. 2d 349, 353 (D.N.J. 1998), and

*Covenant Bank for Sav. v. Cohen*, 806 F. Supp. 52, 55 (D.N.J. 1992), argues that the "purposeful

availment requirements ensure that a defendant will not be haled into a jurisdiction solely as a result

of random, fortuitous or attenuated contacts, or...[based upon] the unilateral activity of another party

or a third person" and that Plaintiff's failure to specify whether the Daniecki declarant is an

employee "casts doubt on the veracity of the Declaration...[and] demonstrates that [Defendant] did

not purposefully reach out and target the New Jersey market" (*Id.* at 3); and Defendant arguing that

even "[a]ssuming that the Daniecki Declaration were proof of a single infringing sale, ...that would

still be insufficient to support this Court exercising personal jurisdiction over [Defendant]...unless

[Plaintiff] is able to provide additional evidence that existed at the time of the filing of the

Complaint" pursuant to *Oticon, Inc. v. Sebotek Hearing Sys.*, LLC, 2011 U.S. Dist. LEXIS 93219,

at *34 (D.N.J. 2011), *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011), and *GAF Bldg.*

*Materials Corp. v. Elk Corp.*, 90 F.3d 479, 483 (Fed. Cir. 1996) (*Id.* at 4-5); and Defendant, citing

*Cateret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 142 (3d Cir. 1992), *Jervis B. Webb Co. v. Southern*

*Sys., Inc.*, 742 F.2d 1388, 1398 (Fed. Cir. 1984), *GAF*, 90 F.3d at 483, *Davis v. Union Pac. R.R. Co.*,

224 Fed. Appx. 190, 192 (3d Cir. 2007), and *Petruska v. Gannon Univ.*, 462 F.3d 294, 302, n.3 (3d

Cir. 2006), argues that "[Defendant] has not sold any of the accused products in New Jersey" and

"even giving the Daniecki Declaration the broadest possible implied meaning, such implication is

directly refuted by the Declaration of Philip Grabo" such that "[t]he time has come...for [Plaintiff]

to prove a preponderance of acts sufficient to overcome the Complaint's jurisdictional defect" (*Id.*

at 3-4); and Defendant, citing *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284,

1286, n.7 (Fed. Cir. 2008), maintains that "[i]n light of the factual disputes raised by [Defendant],

a hearing on the issue of jurisdiction would be appropriate" and that the "denial of a request for

jurisdictional discovery can be an error when the jurisdictional and merits issues are separable" given

that Defendant "would be unduly prejudiced by having to undergo extensive general discovery by

an acknowledged business competitor...when the jurisdictional issue can likely be resolved by a short

period of discovery limited to that issue...with a subsequent hearing before the Court" (*Id*. at 5-6);

and the Court noting it "should freely give leave [to amend] when justice so requires" (FED. R. CIV.

P. 15(a)(2); *see also Bjorgung v. Whitetail Resort, LP,* 550 F.3d 263, 266 (3d Cir. 2008)) and that

the decision to grant a motion to amend a pleading rests in the sound discretion of the district court

(*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970); *see also Morton*

*International, Inc. v. A.E. Staley Manuf. Co.*, 106 F. Supp. 2d 737, 744 (D.N.J. 2000)); and the Court

further noting that it "has discretion to deny the request only if the plaintiff's delay in seeking to

amend is undue, motivated by bad faith, or prejudicial to the opposing party" (*Adams v. Gould,* 739

F.2d 858, 864 (3d Cir. 1984); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arthur v. Maersk,*

*Inc.*, 434 F.3d 196, 204 (3d Cir. 2006); *Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005));

and the Court noting that delay becomes "undue", and thereby creates grounds for the district court

to refuse to grant leave, when it places an unwarranted burden on the Court, when the movant has

had previous opportunities to amend, or when it becomes prejudicial to the opposing party (*see*

*Adams*, 739 F.2d at 868; *see also Cureton v. NCAA*, 252 F.3d 267, 273 (2001)); and the Court noting

that "the Third Circuit has consistently recognized that 'prejudice to the non-moving party is the

touchstone for the denial of an amendment'" (*Schindler Elevator Corp. v. Otis Elevator Co.*, 2009

4

U.S. Dist. LEXIS 40994, at *9 (D.N.J. 2009); *see also Arthur*, 434 F.3d at 204 (*quoting Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978))); and the Court further noting that a trial court may also deny leave to amend where "an amendment would be futile when the 'complaint, as amended, would fail to state a claim upon which relief could be granted'" (*In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002)(*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)) based upon whether the Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face" (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); and the Court noting that "in determining the futility of an amendment, the Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)" and "accept[s] as true all factual allegations contained in the proposed amended complaint and any reasonable inferences that can be drawn from them" (*Walls v. County of Camden*, 2008 WL 4934052, at *2 (D.N.J. 2008); *see also Medpointe Healthcare, Inc. v. Hi-Tech Pharm. Co., Inc.*, 380 F. Supp. 2d 457, 462 (D.N.J. 2005); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001)); and the Court noting that "if the proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend" but where the "proposed amendment is not clearly futile, then denial of leave to amend is improper" (*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468-49 (D.N.J. 1990)); and the Court noting that in the original Complaint, Plaintiff alleged that – among others things – Defendant infringed "Design Patent...D623,570 ("'570 Patent"), a patent which was issued in 2010 and relates to "the design of a[n] [automobile] hood", by "making, offering for sale, selling and marketing a[n]...'Air Hood' having a design disclosed and claimed in the '570 Patent through [Defendant's] website" and by "knowingly and intentionally cop[ying] [Plaintiff's]

5

[air] hood design covered by the '570 Patent" (Pl.'s Compl., dkt. entry no. 1 at 3-4); and the Court noting that Defendant filed a motion to dismiss the original Complaint for lack of personal jurisdiction on July 25, 2011 (*see* dkt. entry no. 11), and related reply brief (*see* dkt. entry no. 15), which Plaintiff opposed on August 22, 2011 (*see* dkt. entry no. 14); and the Court noting that Defendant's motion to dismiss the original Complaint for lack of personal jurisdiction was denied on September 20, 2011 (*see* dkt. entry no. 17); and the Court noting that Plaintiff seeks to amend the Complaint to assert that Defendant also infringed "Design Patent...D386,457 ("'457 Patent") and "Design Patent...D418,465 ("'465 Patent"), patents which were issued in 1997 and 2000, respectively, and relate to "the design of an automobile hood", by "making, offering for sale, selling and marketing...air hoods having a design disclosed and claimed in the '570 Patent, '457 Patent, and/or '465 Patent through [Defendant's] website" and by "knowingly and intentionally cop[ying] [Plaintiff's] air hood designs covered by the '570 Patent, '457 Patent, and/or '465 Patent" (Pl.'s Proposed Am. Compl., dkt. entry no. 20-2 at 3-6); and the Court noting that Defendant's opposition to this Motion (*see* dkt. entry no. 22) is substantially similar to the arguments advanced in support of its motion to dismiss the original Complaint (*see* dkt. entry nos. 11 & 15); and the Court noting that although a Rule 16 conference was held on November 1, 2011 (*see* dkt. entry no. 18), a Scheduling Order has not been entered and the parties are only at the outset of discovery; and the Court finding that Defendant's arguments in opposition to this Motion are unavailing at this time for the same reasons articulated in the Court's Order denying Defendant's motion to dismiss the original Complaint for lack of personal jurisdiction (*see* dkt. entry no. 17); and the Court finding that Defendant has failed to demonstrate that any undue delay, bad faith, or prejudice are present in this instance or that Plaintiff's Amended Complaint would fail to state a claim upon which relief could

be granted (*see Adams*, 739 F.2d at 864; *see also In re NAHC*, 306 F.3d at 1332; *Bell Atl.*, 550 U.S. at 570); and the Court having reviewed the parties' written submissions; and the Court having considered the matter pursuant to FED. R. CIV. P. 78; and for the reasons stated above;

**IT IS** on this 18th day of November, 2011,

**ORDERED** that Plaintiff's Motion for leave to file an Amended Complaint pursuant to FED. R. CIV. P. 15 [dkt. entry no. 20] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file the Amended Complaint by **November 23, 2011**.

s/ *Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**